OPINION
{¶ 1} Defendant-Appellant Douglas Danzeisen appeals from the decision of the Court of Common Pleas of Montgomery County, which overruled Appellant's motion to withdraw his guilty plea pursuant to Crim. R. 32.1.
 I. {¶ 2} On March 7, 2003, Danzeisen plead guilty to two counts of robbery, third degree felonies, and one count of theft by intimidation, a fifth degree felony. Danzeisen was sentenced to four years on count one of the robbery charge, four years on count two of the robbery charge, and eight months on the theft by intimidation charge. All counts were to be served consecutively for a total of eight years and eight months. At the same time and under a different case number, the trial court ordered Danzeisen to serve a three-year term of imprisonment for violating the terms of his post-release control for a prior conviction in 98 CR 1714. Danzeisen subsequently filed a timely notice of appeal of his convictions and consecutive sentences.
 {¶ 3} On September 3, 2004, we decided Danzeisen's direct appeal and affirmed the trial court's convictions and imposition of consecutive sentences.
 {¶ 4} In October of 2006, Danzeisen filed a motion for leave to withdraw his guilty pleas. Danzeisen cited the Ohio Supreme Court's decision in State v. Foster (2006), 109 Ohio St.3d 1, 2006 Ohio 856,845 N.E.2d 470, as invalidating his greater-than-minimum consecutive sentences. Danzeisen claimed that his greater-than-minimum sentence constituted manifest injustice under Foster. As such, Danzeisen claimed he was entitled to withdraw his guilty plea under Crim. R. 32.1. The court below disagreed and overruled Danzeisen's motion to withdraw his guilty plea on October 17, 2006. It is from this decision that Danzeisen now appeals.
 II. *Page 3 {¶ 5} Danzeisen asserts two assignments of error, each based on the Ohio Supreme Court's decision in State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. For this reason, we will consider the two assignments of error together. They are as follows:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE PENALTIES FOR A THIRD-DEGREE FELONY ARE A PERIOD OF ONE TO FIVE YEARS AND THE PENALTY FOR A FIFTH-DEGREE FELONY IS SIX TO TWELVE MONTHS, IN THE ABSENCE OF THE PROPER NOTICE AND OPPORTUNITY TO RESPOND TO THE NECESSARY ELEMENTS TO ELEVATE THE SENTENCE TO THOSE LEVELS.
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE ISSUE PRESENTED IN THE 32.1 DIRECT ATTACK IS NOT ON DIRECT REVIEW."
 {¶ 8} Criminal Rule 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Thus, a motion to withdraw a guilty plea will only be granted in "extraordinary cases" to prevent manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. Danzeisen essentially argues that his greater-than-minimum consecutive sentence constitutes a manifest injustice underFoster, and as such, the trial court erred in overruling his Crim. R. 32.1 motion to withdraw his guilty plea. Danzeisen's reliance on theFoster decision, however, is misplaced.
 {¶ 9} The Ohio Supreme Court in State v. Foster held that R.C.2929.14(B), R.C. 2929.14(C), R.C. 2929.19(B)(2), and R.C. 2929.14(E)(4) were unconstitutional because they *Page 4 
allowed courts to increase punishment based solely upon judicial fact-finding. Foster, at ¶ 56-¶ 67. Danzeisen was in fact sentenced to greater-than-minimum, consecutive prison terms under these statutes. However, contrary to Danzeisen's contentions, Foster only applies to cases pending on direct review at the time Foster was decided. The Supreme Court in Foster indicated that only cases "pending on direct review must be remanded to trial courts for new sentencing hearings."Id. at ¶ 104. Consistent with the Supreme Court's direction, we have stated that "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e., more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster" State v. Boyd (December 1, 2006), Montgomery App. No. 21372,2006-Ohio-6299, ¶ 28; see also State v. Henderson (January 12, 2007), Montgomery App. No. 21481, 2007-Ohio-134, ¶ 36 (quoting State v.Boyd). Thus, Foster is only applicable to cases pending on direct review at the time it was rendered.
 {¶ 10} It is clear that Foster does not apply to the instant case. This Court overruled Danzeisen's direct appeal from his conviction and consecutive sentences on September 3, 2004. See State v. Danzeisen
(September 3, 2004), Montgomery App. Case No. 19860. The Ohio Supreme Court's decision in State v. Foster was rendered seventeen months later on February 10, 2006. Thus, Danzeisen's case was not pending on direct review at the time Foster was decided. Foster is therefore inapplicable and cannot support a finding of manifest injustice warranting withdrawal of his guilty pleas. Judgment affirmed. *Page 5 
 WOLFF, P.J. and FAIN, J., concur. *Page 1